DON OWEN COSTELLO, Acting Judge.
This is the Court’s ruling on defendants’ motion for summary judgment.
Oral argument of the motion was heard April 12, 2000 in the Tribal courtroom, *101 Paul Silver appearing for defendants and Zack M. Lorts appearing for plaintiff, who also was present.
The Court has considered oral argument, and reviewed the pleadings, motions and other documents on file including without limitation the motion for summary judgment, response, reply and all supporting documents, and is of the opinion that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law.
In her complaint, plaintiff brings action for monetary damages against the Confederated Tribes of the Grand Ronde Community of Oregon (Tribe), St. Paul Fire & Marine Insurance Co., and John Doe for injury she allegedly suffered on August 16, 1997 at the Tribal Cemetery Grounds as a result of defendants’ negligence.
On August 16, 1997, the Tribe was immune from suit for this alleged tort. Under Tribal and Federal Law, this immunity remains in effect unless and until the Tribe or Congress expressly and unequivocally waives immunity. Tribal Code 255.6(a)(2); Stock West Corp. v. Lujan, 982 F.2d 1389, 1398 (9th Cir.1993).
On March 12, 1998 by a vote 8 yes, 0 no, and 0 abstentions, the Tribe’s Tribal Council by Resolution 018-98 certified its adoption of the Tribal Tort Claims Ordinance, Tribal Code, Section 255.6. “The Tribal Council recognizes that the Confederated Tribes of the Grand Ronde Community of Oregon is immune from suit, except to the extent such immunity is expressly waived Tribal Code 255.6(a)(2). The Tribal Council adopted a “LIMITED WAIVER OF TRIBAL SOVEREIGN IMMUNITY ” which specifically authorizes an action for monetary damages to be brought “. .. in Tribal Court under this ordinance against the Tribe by any person for any injury to that person caused (A) by an act or omission by the Tribe, or (B) by an act or omission by any agent, employee or officer acting on behalf of the Tribe and within the scope of authority of that agent, employee or officer.” Tribal Code 255.6(c)(1). Subsection (d)(1) provides that “[n]o action may be brought in Tribal Court for monetary damages under this Ordinance and no claim shall be valid for monetary damages under this Ordinance unless the person who claims to have suffered an injury shall send a written notice of the claim for monetary damages as provided in Section (d)(2) below by certified mail return receipt requested to the Secretary of the Tribal Council and the Office of the Tribal Attorney.” Subsection (d)(2) provides for specific, detailed information to be set forth in the notice.
Under subsection (d)(3), “[t]o be valid under this Ordinance, the written notice of claim for monetary damages required by Section (d)(1) shall have been given no later than 180 days after the act or omission occurred giving rise to the injury.”
Subsection (d)(4) provides
“No action for monetary damages may be brought under this Ordinance until the expiration of sixty (60) days after the last notice required by Section (d)(1) is given. Any action for monetary damages under this Ordinance must be filed with the Tribal Court within two-hundred-seventy (270) days of the act or omission occurred which gave rise to the injury. No action against the Tribe under the Ordinance shall be accepted for filing by the Tribal Court unless the claimant files proof of compliance with Section d(l)-(3) above.”
The Tribal Council adopted the Tribal Tort Claims Ordinance on March 25, 1998. Tribal Code 210(d)(5)(I) provides that the “.. . effective date for an Ordinance will be twenty-one (21) days after enactment unless the Council declares an emergency and makes the Ordinance effective sooner.” This was not an emergency Ordinance. Accordingly, the ordinance became effec *102 tive April 15, 1998. Only on that date did plaintiff have a right to pursue a Tribal Court remedy against the Tribe. That light, however, is subject to the notice and filing time limits created by the Ordinance. Notice of claim and filing were not timely.
Plaintiff raises several ingenious arguments to persuade the Court to fashion a remedy which would allow plaintiff to proceed in this matter. Immunity from suit is an important Tribal function. Waiver of immunity must be expressed, not implied, and is strictly construed. The Tribe waived its immunity by legislative act. By the clear language of the ordinance, plaintiff is barred from proceeding against the Tribe and against defendants St. Paul Fire & Marine Insurance Co., since that defendants’ liability is derivative of the Tribes’ liability.
IT IS HEREBY ORDERED that Judgment be entered for defendants and against plaintiff.
Mr. Silver shall prepare a form of Judgment and present it to the Court after having given Mr. Lorts 72 hours to review the Judgment and state whether he agrees or objects to its form.